UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Kellis Djon Jackson, #13872-083 | ) | C/A No. 9:07-0997-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Edward F. Reilly, Jr., Parole Chairman; | ) | |
| Parole Officials (Unknown); Mildred | ) | |
| Rivera, Warden and Custodian, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

At the time Plaintiff filed this action, he was a federal inmate housed at FCI-Estill. During the pendency of this proceeding, he has been transferred to FCI Milan, Michigan. Plaintiff, proceeding *pro se*, filed the Complaint in this action on April 13, 2007. The Complaint appears to be a *Bivens* action against the chairman of the United States Parole Commission in Chevy Chase, Maryland; John Doe parole officials; and the warden of FCI Estill. The Complaint alleges that "in summation, my statement of claim(s) is that I have not been given parole consideration on a sentence which was modified for the expressed purpose of allowing me such consideration at the completion of a ten year sentence. Also, that the Parole Commission, i.e. its agents and representatives utilized inapplicable paroling subsections in denying me parole."

Plaintiff was sentenced on May 22, 1987 in the United States District Court for the Eastern District of Virginia to thirty (30) years for kidnapping with intent to ransom and to two five-year terms for obstruction of justice.[1] Plaintiff was also sentenced on June 12, 1987 in the United States District

---

[1] The two five year sentences were to run concurrently with each other and consecutive to the kipnapping sentence.

1

Court for the District of Columbia to a minimum of fifteen (15) years and a maximum of forty-five (45) years for kidnapping in violation of the District of Columbia Code. The second sentence was to run consecutively to the thirty-five year sentence imposed by the District Court in Virginia. On June 29, 1998, the Chief Judge of the United States District Court for the District of Columbia vacated the minimum fifteen-year sentence for the D.C. Code violation before the petitioner could be considered for parole and reduced the minimum term to ten years.

Several hearings have been held before the United States Parole Commission, beginning on June 20, 2000, after each of which the Commission determined based upon various reasons including the cruelty of the crimes and institutional misconduct that the case should be continued for hearings in subsequent years. Plaintiff is scheduled to have a parole hearing in 2010 to apply the D.C. Guidelines with regard to the sentence for violation of the D.C. Code.

Plaintiff has apparently never filed an action under 28 U.S.C. § 2255. However, he has previously filed two other actions pursuant to 28 U.S.C. § 2241, one in the Southern District of Indiana, and the other in the Western District of Virginia. Petitioner appealed the latter case to the Fourth Circuit Court of Appeals, which dismissed the case in an unpublished decision.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation of United States Magistrate George C. Kosko filed January 23, 2008. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the

Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1),

Based on his review of the record, the Magistrate Judge concluded that the defendants' motion for summary judgment should be granted on the basis that the plaintiff's challenge to the fact or duration of confinement must be addressed by a successful petition for habeas corpus before relief under *Bivens* is cognizable and that plaintiff's three habeas actions have been unsuccessful. In addition, the Magistrate Judge recommends a finding that plaintiff has not identified or served the John Doe defendants and they should accordingly be dismissed. Moreover, he recommends a finding that plaintiff's claims against defendants in their official capacities are barred by the doctrine of sovereign immunity; the parole officials are entitled to absolute immunity; all defendants are protected by qualified immunity; the claims against defendants Reilly and Rivera should be dismissed because the doctrine of respondeat superior is not applicable to *Bivens* suits; and the court lacks personal jurisdiction over defendant Reilly and all defendants who do not reside in South Carolina. The Magistrate Judge also recommends that the motion for preliminary injunction and the motion to amend be denied.

The Magistrate Judge advised the plaintiff of the procedures and requirements for filing objections to the Report. Plaintiff then filed a Motion to Dismiss the action without prejudice on February 4, 2008 on the basis of his pending appeal to the Fourth Circuit of this Court's order dismissing his habeas petition in *Jackson v. United States*, Civil Action Number 9:06-2048 (Fourth Circuit Case No. 07-6988). Defendants filed a response in opposition to the motion to dismiss, alleging on the basis of prejudice that this action should not be dismissed, in that this action has already proceeded to the summary judgment stage and on basis that the Fourth Circuit has now affirmed this Court's order denying the plaintiff relief in the habeas action. This Court denied the motion to dismiss as moot, since the Fourth Circuit has entered an order affirming this Court's order in the habeas action,

and extended the plaintiff's deadline for filing objections to February 27, 2008. On March 3, 2008, Plaintiff filed objections to the Report and Recommendation.[2]

Plaintiff first objects to the assertion by the Magistrate Judge that the "instant action is successive due to earlier actions." (Plaintiff's objection, p.1). He contends that his *Bivens* action differs from his earlier habeas lawsuits since it requests money damages and injunctive relief.  The Court finds that Plaintiff misapprehends the Magistrate's Report. Rather than finding this action to be successive in the sense relevant to habeas actions, the Report relies on the well-established rule that, before bringing a civil action challenging the constitutionality of an arrest or conviction, the plaintiff must show that his conviction has been "reversed, expunged, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus." *Poston v. Shappert*, 222 Fed. Appx. 301, *1 (4th Cir. 2007).  Since the plaintiff has not succeeded in challenging the situation regarding his parole in a habeas action, he cannot bring a *Bivens* action based on such.

Petitioner also contends that his request for injunctive relief should be granted in order to require the defendants to "adhere to the provisions of his imposed sentence." (Objections, p. 2).  However, as noted by the Magistrate Judge, the arguments made by the plaintiff in support of injunctive relief are the same as his arguments made in the unsuccessful habeas case regarding his alleged entitlement to parole. Therefore, the Court denies Plaintiff's request for a preliminary injunction.

The petitioner alleges in his objections that the court must consider the role of each defendant in the claims raised before finding that they should receive immunity. This objection is not sufficiently specific and need not be addressed. However, the Court does note that members of the parole board acting within the scope of their official duties are absolutely immune from tort suits in connection with

---

[2] The objections will be considered timely under the "prison mailbox rule."

decisions to grant, deny, or revoke parole since these functions are comparable to the role of a judge. *See Evans v. Dillahunty*, 711 F.2d 828 (8th Cir. 1983).

The petitioner also objects to the Magistrate's recommended finding that the Court lacks personal jurisdiction over the defendant parole board members, since there has been no showing that these defendants have minimum contacts with the state of South Carolina. Plaintiff asserts that the Court must consider the South Carolina Long-Arm Statute and "the ties each of the defendants has created by virtue of their 'foreseeability' of consequence to their impermissible actions." (Objections, p. 2). However, the plaintiff has not shown that any provision of the long-arm statute applies here or that the nonresident defendants have any contacts with the state of South Carolina.

Finally, Plaintiff again contends that his case should be dismissed without prejudice so that he can continue with his "quest for justice." Since the Fourth Circuit has ruled against the plaintiff in the habeas action, the Court again finds that dismissal of this case without prejudice is not appropriate.

Plaintiff has not filed any objections regarding the recommendation that his motion to amend to name a parole examiner and the parole commission legal counsel be denied. Therefore, the motion to amend is denied.

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, the respondents' motion for summary judgment is granted and the case is **DISMISSED** with prejudice. Plaintiff's [58] motion for summary judgment, [60] motion for preliminary injunction, and [57] motion to amend the complaint are denied.

**IT IS SO ORDERED.**

                                        s/R. Bryan Harwell
                                        R. Bryan Harwell
                                        United States District Judge

March 14, 2008
Florence, South Carolina